[Civ. No. 23696.   Second Dist., Div. Three.   Oct. 19, 1959.]

FRED N. HOWSER, Respondent, v. HENRY J. CARUSO, Appellant.

Robert E. Ford and Robert M. Maslow for Appellant.

Howser, Coughlin & Schmitt for Respondent.

SHINN, P. J.—The first cause of action of the complaint is for attorney's fees of the alleged value of $2,540; the second cause of action is based upon an account stated in the same amount. Defendant filed an answer denying that there remained unpaid the sum of $2,540 and denying that he was indebted to plaintiff in any amount. He also filed a cross-complaint alleging that he paid plaintiff $5,000 as a retainer which was to be credited against plaintiff's fees of $150 for each day spent in court in the service of defendant. It was also alleged that defendant had paid to plaintiff a total of

more than $7,550 to cover fees earned under the alleged per diem charge. The answer to the cross-complaint admitted the receipt of $7,550 but denied the other allegations.

The court found that plaintiff rendered services of the reasonable value of $2,540, no part of which had been paid; defendant paid plaintiff $5,000 but there was no agreement that the sum should be credited against per diem fees of $150 for days spent in court. It was found further that an account was stated between plaintiff and defendant; $2,540 was found to be due and unpaid to plaintiff; defendant agreed to pay that sum and has paid none of it. Defendant appeals.

Unaccountably the briefs make no mention of the finding of an account stated. On the appeal defendant argues that plaintiff was employed as one of his attorneys to defend him on 44 felony charges; that plaintiff negligently advised and caused him to plead guilty to four felony counts by representing that he had had discussions with members of the district attorney's staff and the trial judge and assuring him that neither he, defendant, nor any of his numerous codefendants would receive a sentence of imprisonment. Reference is made to evidence of an arrangement under which defendant placed in escrow a check for $50,000 as plaintiff's additional fee if defendant should escape a sentence of imprisonment. Reference is also made to the statement made by plaintiff to the trial court at the time defendant was seeking permission to change his pleas of guilty to pleas of not guilty that when he advised defendant to plead guilty he had not even seen the cover of the transcript of the grand jury testimony and that his advice to defendant was ''the sorriest mistake I have ever made in the practice of law.'' The contention is that the services of plaintiff were shown to be without value to the defendant.

It is not stated in the briefs whether defendant received a sentence of imprisonment. But there was some mention at the trial of an appeal in that case, and since it is said in the briefs that the $50,000 contingent fee is not in issue we infer that the judgment was unsatisfactory to defendant.

We are somewhat intrigued by the discussion in the briefs respecting the value of plaintiff's services. No doubt each of the parties would like to have an expression of our views on that interesting subject and a vindication of his contentions, but anything we might say in that connection would be dictum. The complaint pleaded an account stated; the court found that an account was stated in the amount sued for and that

defendant agreed to pay the amount. The evidence is ample to support that finding. It requires an affirmance of the judgment.

Plaintiff makes a request that a penalty be imposed upon defendant for a frivolous appeal. We are not disposed to do that. The claim that plaintiff's services were shown to have been of no value to defendant is not frivolous. This is a vain appeal because of the finding of an account stated, but plaintiff was the one who should have directed our attention to the finding. We shall not call the appeal frivolous for reasons which were known or should have been known to him and which he failed to mention.

The judgment is affirmed.

Wood (Parker), J., concurred.